[No. 17377. Department One. December 14, 1922.]

# CARL HOFFMAN, *Respondent*, v. VICTORY RUBBER COMPANY, *Appellant*.[1]

CORPORATIONS (126, 128)—OFFICERS AND AGENTS—DEALINGS WITH CORPORATION—INDIVIDUAL BENEFITS. Where stock in a rubber company was issued to a director, making loans to the company, to be used "for the best interests of the company," and was in part used for the purpose of obtaining a rubber compounding formula, the director was bound to act for the company and could acquire no financial benefits from the shares in question, which he was bound to account for or return to the company.

SAME (128)—DEALINGS WITH CORPORATION. Where directors of a corporation agreed to advance $2,500, each, to finance the company, in return for stock to be issued, a director who refused to comply with the agreement and make the advances is bound to return stock issued to him.

SAME (128, 131)—OFFICERS—DEALINGS WITH CORPORATION—ACTIONS THEREON—INSTRUCTIONS. In an action by a director against a corporation for loans or advances made, and to quiet title to stock issued to him in consideration of such advances and for services, which stock, in his reply, he alleged was held in trust to be disposed of "for the best interests of the company," it is error to instruct the jury that, if such stock was issued to him in consideration of, or as security for, the loans and advances, or for any other purpose, the stock would be his property if he made the advances or rendered any service in consideration thereof.

SAME (128, 131). In such a case, it is error to instruct the jury that, before the corporation could recover the stock, it would be necessary for it to tender to the plaintiff the sums of money advanced by him.

APPEAL (489)—DECISION—ON ADMITTED ERRORS. Where, upon appeal, respondent is entitled to judgment upon notes, but upon his own evidence judgment in his favor for certain corporate stock is erroneous, and a new trial is ordered, respondent will be given an election to avoid the new trial by delivering up the stock.

COSTS (72)—ON APPEAL—APPORTIONMENT. Where, on affirming part of a judgment, respondent is given the election to avoid a new trial by withdrawing the balance of his claim, the costs on appeal, if this is done, will be against respondent, but with costs below in his favor.

[1]Reported in 211 Pac. 720.

Appeal from a judgment of the superior court for King county, Frater, J., entered February 23, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action on promissory notes, and upon an open account. Reversed.

*Frank E. Hammond,* for appellant.
*Robert F. Sandall,* for respondent.

HOLCOMB, J. — Respondent recovered judgment against appellant in the court below upon a promissory note executed by appellant January 2, 1920, payable on demand in the sum of $800, and upon a promissory note dated February 7, 1920, payable on demand in the sum of $500, and upon a further sum of $250 loaned by respondent to appellant upon open account, and the stipulated sum of $150 attorney's fee, amounting in all to $1,700.

Appellant, by answer, admitted the several sums of money above mentioned were loaned and advanced to it by respondent, admitted the execution of the notes described, and plead a counterclaim against respondent in the sum of $40,000, alleging that respondent obtained from appellant 40,000 shares of its capital stock, which he still has in his possession and has refused to return to appellant and has converted to his own use.

Respondent, in his reply to the counterclaim of appellant, alleged:

"(1) That he was entitled to have issued to him 40,000 shares of stock of said corporation in his own right, fully paid, in return for his services as an officer of the corporation, and otherwise.

"(2) That the only shares of stock that he has received were 40,000 shares issued to him as trustee, which he is still holding as such and which were issued to him and held by him for the purpose of disposing of

the same according to the best interests of the company.''

The counterclaim of appellant involves only the 40,000 shares issued to respondent as trustee, of which he is still in possession, or had in his possession when the controversy arose. In his reply respondent asked judgment for the amount alleged in the complaint, and in addition asked that he be declared to be the owner of the 40,000 shares of stock of appellant. The case was tried to a jury.

In support of the counterclaim, appellant introduced evidence which tended to show that, prior to January 2, 1920, the date of the first note given respondent, appellant was in need of financial aid, having only just been organized, and that on about that date respondent, Endert, and Eagles, who were all trustees of the corporation, and one Ouellette, who was not a trustee but a stockholder, entered into an agreement among themselves, as individuals, and acting as trustees, wherein they agreed that each and all of them, together with Ouellette, should advance to the corporation such sums of money as the corporation might need to the extent of $2,500 each, such advances to be made at such times as the corporation might require and in such amounts as the corporation should designate; that it was further agreed that none of them would ask or demand a return of the money so advanced to the corporation until such time as the corporation should be financially able to repay such advances, and that in consideration for such future advances, and, not demanding repayment until the company was able to repay, the corporation would issue and deliver to each of them, as trustees, and to Ouellette, forty thousand shares of its capital stock of the par value of one dollar per share. It is also shown that, in pursuance of that agreement, all

of the parties loaned to the company various sums of money, and evidenced some of the loans by demand promissory notes. Each and all of them advanced sums amounting to more than $2,500, except respondent, who advanced only the sums for which he has sued, and who refused to advance further sums.

There is testimony that demand was made upon respondent for the remaining amount agreed to be advanced, which he refused. The testimony further shows that respondent resigned as trustee of the corporation in April, 1921, and demanded repayment of all sums of money advanced by him, but has refused to return the stock above mentioned, and at the trial of the case still refused to return the stock, claiming to be the owner of it, and also claiming an additional 40,000 shares of stock which he testifies is due him on account of services rendered by him as trustee of the company.

The court refused to permit the appellant to show by direct testimony that, since the advancements had been made by respondent and the other trustees, the company had not been in financial position to return the money so advanced. The court held that such evidence was immaterial, as the company was liable to repay the sums advanced by respondent whether financially able at the time or not. There was evidence, which was not contradicted, that the reasonable market value of the stock of the corporation, including that held by respondent, was one dollar per share, and that the stock held by him was of the reasonable market value of $40,000.

Appellant requested an instruction to the effect, following the allegations of its affirmative answer, that the jury should find for the defendant if it found that, under the agreement with plaintiff, plaintiff was to

hold the stock in trust until certain conditions had been performed by him, and if he failed to perform these conditions, and had failed to return the stock, then the jury should find for the defendant in such sum as they found to be the reasonable value of the stock, and deduct the amount of the recovery of plaintiff on the notes and account from the amount of the reasonable value of the stock, unless the amount of the reasonable value of the stock was less than the amount found due plaintiff, in which case it should deduct the reasonable value of the stock from the amount due plaintiff and render judgment for the difference. The court refused to give the instruction.

The court gave several instructions to which exceptions were taken and upon the giving of which errors are based. Motions were also made for judgment notwithstanding the verdict, or for a new trial, which were denied.

There is no doubt that plaintiff was entitled to a recovery upon the notes and open account in the sums for which recovery was allowed, because the notes were absolute upon their face and payable on demand, and had been matured by demand. The testimony as to the account showed that money was advanced to the extent of $250 upon the same terms as the moneys which were evidenced by the notes.

The theory of the trial court seems to have been that, under the pleadings in this case, respondent was claiming the stock as security for the debt owing him. That is not correct. In his reply he claimed that he was entitled to have issued to him one issue of 40,000 shares of the stock of the corporation in his own right, fully paid, in return for his services as an officer of the corporation and otherwise. He had received 5,000 shares for an investment of $500 subscribed to the

capital stock of the corporation upon its organization. He testified that he claimed to be entitled to 40,000 shares for obtaining a formula for rubber compounding from one Smith, after failing to obtain a formula from a previous compounder, one Holland, who had received stock for his formula and failed to deliver it. The stock had been recalled and cancelled by the company. Part of this stock was reissued to respondent for the purpose of obtaining the formula from Smith, and possibly was used for that purpose, although the evidence is not clear. In negotiating for it respondent was bound to act for the company and not for himself, and could acquire no financial benefits through its acquisition. As to the 40,000 shares in question, upon its face issued to respondent as trustee of some sort, or in trust, and according to the allegations of his own reply, *issued to him to be used according to the best interests of the company,* when he resigned as a trustee of the company, and when he refused to further comply with the agreement to advance money to the company to the extent of $2,500, having advanced only $1,550, the company was certainly entitled to the return of the stock held by him as trustee, or to its value.

The court instructed the jury, to which exception was taken, that the *pleadings* set forth that the 40,000 shares of stock held in trust by respondent was to become his property after all the sums had been advanced and *repaid;* that, under such circumstances, respondent was entitled to hold the stock until he was *repaid* for the loans so advanced. The pleadings did not set forth such facts. The testimony upon the part of appellant was not to such effect. Neither was the testimony of respondent. Respondent pleaded in his reply that he held the stock in trust to be disposed of for the best interests of the company; that it was issued

to him in consideration of loans and services, and became his when "the company begins producing rubber." No one testified that the stock was to be held until the loans were repaid. Only upon agreement that it was to be held as security would such instructions have been proper.

The court also erred in instructing the jury that, if the shares of stock were issued to respondent "on account of moneys advanced or services rendered said corporation, *or for any other purpose than stated in the pleadings,* and that plaintiff advanced said sums or rendered *any* service in consideration thereof," that the stock so held would be the property of plaintiff. To instruct the jury that the stock could be issued and held, not only for moneys advanced and services rendered the corporation, but for any other purpose than stated in the pleadings, was certainly improper and prejudicial.

The court also instructed the jury, to which exception was taken, that before the defendant could recover from the plaintiff upon the counterclaim, it was necesary for it to tender to the plaintiff the sums of money advanced to the defendant by the plaintiff. This also was erroneous. Respondent never claimed to hold the stock as security, but claimed to hold it as owner, and asked the court to affirm his title and render judgment that he was the owner in his own individual right, instead of as trustee.

Other errors urged by appellant do not seem to be of sufficient merit to justify a discussion, but for the errors discussed the judgment must be reversed.

We deem it proper to adjudge, however, that since respondent is entitled to judgment for the amount of the notes, account and attorney's fee, and since respondent also prayed for judgment affirming his title

to the stock, he is not legally entitled to title to the 40,000 shares of stock held by him as trustee, even upon his own evidence, and rather than submit to a new trial and the possibility of another appeal, respondent may elect to deliver the stock held by him to appellant, with a proper transfer thereof, and a new trial will not be granted.

Appellant is entitled to recover costs on appeal. If respondent elects, within ten days after the filing of the remittitur, to redeliver the stock in controversy herein to appellant, then all the costs of the lower court will go, with judgment below, to respondent, and a new trial thereupon be denied.

Reversed and remanded.

PARKER, C. J., BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.